UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SHERRI DELEON,

        Plaintiff,

vs.

PORTER HILLS PRESBYTERIAN
VILLAGE, INC. d/b/a Porter Hills Village

        Defendant.

Case No: 22-cv-1192
Hon.

---

JASON R. MATHERS (P66022)
HARVEY KRUSE, P.C.
Attorney for Plaintiff
1050 Wilshire Dr., Suite 320
Troy, Michigan 48084-1526
(248) 649-7800
jmathers@harveykruse.com

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff SHERRI DELEON, by and through her attorneys, Harvey Kruse, P.C., and for her Complaint against Defendant, PORTER HILLS PRESBYTERIAN VILLAGE, INC. d/b/a Porter Hills Village, states as follows:

**PRELIMINARY STATEMENT**

1. This action is brought to recover for damages and injury arising from violations of the Fair Labor Standards Act of 1938, as amended, 29 USC §201 *et seq* (FLSA), for unpaid wages stemming from mandatory breaks which were improperly deducted from Plaintiff's pay.

**JURISDICTION AND VENUE**

2. The Western District of Michigan Court has federal question jurisdiction pursuant 28 USC §1331 over the claims raised herein arising under the laws of the United States, i.e. the FLSA, 29 USC §201 *et seq*.

3. The Court has original jurisdiction over the FLSA claims pursuant to § 16(b) of that Act, which states "an action to recover . . . may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves. . ." 29 USC § 216(b).

4. Venue is proper in this Western District of Michigan under 18 USC § 1965(a) and 28 USC §1391(b) because Porter Hills' primary business is located in Grand Rapids, Michigan.

## PARTIES

5. Plaintiff Sherri Deleon is a citizen of the United States and is a resident of the State of Michigan.

6. Defendant PORTER HILLS PRESBYTERIAN VILLAGE, INC. d/b/a Porter Hills Village, referred to as "Porter Hills", is a corporation formed pursuant to the laws of the State of Michigan, with its principal place of business in Grand Rapids, Michigan.

## GENERAL ALLEGATIONS

7. Porter Hills is a corporation doing business in Grand Rapids, Michigan. It is a retirement home which provides lodging, as well as medical care and other services to residents.

8. Plaintiff began working for Porter Hills in 2018.

9. Plaintiff's employment with Porter Hills ended in May 2022.

10. Plaintiff was employed with Porter Hills as a certified nursing assistant ("CNA").

11. Plaintiff was initially paid $15/hour. In 2019, her hourly rate was raised to $17.97

12. At all times during her employment with Porter Hills, Plaintiff was paid on an hourly basis. She was never paid a salary, and she was only paid for some of the hours she worked.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

13. While working at Porter Hills, Plaintiff worked 5-6 days a week, with a typical shift lasting from 6am to 2pm.

14. Due to understaffing, Plaintiff was unable to take any breaks and was required to remain working during her entire shift.

15. Despite not taking breaks, one 30-minute break was automatically deducted from Plaintiff's hours *every shift*.

16. Plaintiff was not given the opportunity to opt out of these breaks which she did not take.

17. Plaintiff was not paid for these 30-minute periods, which occurred daily.

18. Plaintiff notified her supervisors at Porter Hills and Porter Hills' human resources (HR) department that she was not able to take any breaks, but the issue was not resolved, and Plaintiff was not give the opportunity to opt out of these 30-minute deductions.

19. Porter Hills was aware that Plaintiff was not taking her 30-minute breaks but continued to improperly deduct this time from her paychecks.

## **COUNT I – FLSA**

20. Plaintiff incorporates her allegations 1 – 19 above.

21. Porter Hills were the "employer" of Plaintiff as defined within 29 U.S.C. §203(d).

22. Plaintiff was an "employee" of Porter Hills as defined by the FLSA. 29 USC §203(e)(1).

23. Plaintiff was not any type of "executive", "administrative", "professional", or other exempt class of worker.

24. Plaintiff was entitled to payment for all hours which she worked, pursuant to 29 USC. § 201 *et seq*.

25. "Work not requested but suffered or permitted is work time." 29 CFR 785.11.

26. Under Federal law, "it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 CFR 785.13.

27. Porter Hills' failure to pay Plaintiff the wages owed to her under the FLSA was deliberate and willful.

28. Porter Hills' prolonged failures to comply with the federal wage laws establishes a practice, plan, and common policy of willfully depriving Plaintiff of such wages.

29. Aspects of Porter Hills' unlawful policy and practice as to the nonpayment of wages owed to Plaintiff under the FLSA may include, but are not limited to, some or all of the following: deducting time for breaks which it knew Plaintiff did not actually take, failing to pay Plaintiff for all of the hours which she worked, and/or failing to maintain time and other employee records as required by 29 USC 211, 215 and 29 CFR 516.

30. Porter Hills did not act in good faith in failing to pay Plaintiff the wages owed to her under the FLSA, and it did not have "reasonable grounds" to believe that its conduct was in accordance with the law.

31. Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover for all unpaid wages and/or other benefits, plus an equal amount as liquidated damages, and the reasonable attorneys' fees and costs of this suit.

32. Plaintiff therefore demands judgment against Porter Hills on her federal law claims for unpaid wages, liquidated damages, and attorneys' fees, together with such other further and different relief as the Court deems proper.

WHEREFORE, Plaintiff hereby demands judgment against Porter Hills for the following relief:

(a) An award of the value of Plaintiff's unpaid benefits and other wages;

(c) An award of liquidated damages as provided under the FLSA;

(d) An award of attorneys' fees and the costs incurred in the vindication of Plaintiff's rights in this action;

(e) An award of pre and post judgment interest; and

(f) An award of such additional relief as this Court deems just and proper.

        Respectfully submitted,
        HARVEY KRUSE, P.C.

        By: */s/Jason R. Mathers*
           Jason R. Mathers (P66022)
           Attorney for Plaintiff
           1050 Wilshire Dr., Suite 320
           Troy, Michigan 48084-1526
           (248) 649-7800
           jmathers@harveykruse.com

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

## **TRIAL BY JURY**

NOW COMES Plaintiff and hereby further demands a trial by jury on her claims against Defendant, PORTER HILLS PRESBYTERIAN VILLAGE, INC. d/b/a Porter Hills Village.

                                                          Respectfully submitted,
                                                          HARVEY KRUSE, P.C.

                                                          By: */s/Jason R. Mathers*
                                                             Jason R. Mathers (P66022)
                                                              Attorney for Plaintiff
                                                              1050 Wilshire Dr., Suite 320
                                                              Troy, Michigan 48084-1526
                                                              (248) 649-7800
                                                             jmathers@harveykruse.com

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

-6-